IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLOS COLLAZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.09-060 SLR |
| | ) |
| STATE OF DELAWARE DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 29th day of May, 2009,

IT IS ORDERED that:

1. **USM-285 Form.** Plaintiff, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee. On April 14, 2009, the court entered an order requiring plaintiff to complete and return USM-285 forms for defendant and the Chief Deputy Attorney General of the State of Delaware (D.I. 6). Plaintiff submitted a USM-285 form for defendant. The USM-285 form submitted for the Chief Deputy Attorney General is incorrect as it contains the name of an individual who is not a defendant.

2. Plaintiff shall resubmit a correct and complete USM-285 form for the Chief Deputy Attorney General within the 120 day time-frame as set forth in the court's April 14, 2009 order. Plaintiff is once again placed on notice that **failure to provide the "U.S. Marshal 285" form for the chief deputy attorney general within the time-frame set forth in the April 14, 2009 order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil**

**Procedure 4(m).**

3. **Request for Counsel.** Plaintiff requests counsel on the grounds that it would benefit him, sharpen the issues, shape examination of witnesses, shorten the trial, and he has mental issue issues. (D.I. 7) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

4. Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time and, therefore, the motion is **denied**. There is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

_____
UNITED STATES DISTRICT JUDGE